NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHASE EVAN STEWART, *Appellant.*

No. 1 CA-CR 23-0540

FILED 02-13-2025

Appeal from the Superior Court in Yavapai County
No. P1300CR202100628
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

**¶1**        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Chase Stewart has advised this Court that counsel found no arguable questions of law and asks this Court to search the record for fundamental error. Stewart was convicted of aggravated assault, a class 3 felony. Stewart was given an opportunity to file a supplemental brief; he has not done so. After reviewing the record, this Court affirms Stewart's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

**¶2**        On May 6, 2021, Stewart drove his vehicle down an interstate offramp and shot at another motorist. Although not directly hit, shrapnel from the bullet struck the victim's arm and grazed his shoulder. Stewart drove off, and the victim called 911. Law enforcement eventually stopped Stewart, recovered a handgun from inside his vehicle and arrested him. The State charged Stewart with three offenses: drive by shooting, a class 2 felony; aggravated assault, a class 3 felony; and criminal damage in an amount between $1,000 and $2,000, a class 6 felony. Stewart moved to suppress his statements to police, and after a voluntariness hearing, the court denied his motion.

**¶3**        Before trial, the State moved to dismiss the drive by shooting and criminal damage charges with prejudice, which the court granted. The remaining aggravated assault charge proceeded to a jury trial. After the State rested, Stewart moved for a judgment of acquittal, which the court denied. Ariz. R. Crim. P. 20(a). The jury found Stewart guilty of aggravated assault and separately found it to be a dangerous offense.

**¶4**        The trial court conducted the sentencing hearing in compliance with Stewart's constitutional rights and Arizona Rule of Criminal Procedure 26. The court found mitigating factors: (1) Stewart's family and community supported him, (2) Stewart lacked criminal history and (3) Stewart expressed remorse. The court found emotional harm to the

victim as an aggravating factor. After weighing the mitigating and aggravating factors, the court sentenced Stewart to a slightly aggravated term of 10 years' imprisonment. A.R.S. § 13-704(A). The court awarded 602 days of presentence incarceration credit. The court also imposed the following fines and fees: a $750 fine, a $2 Victims' Right Enforcement Assessment, a $9 Victims' Right Fund Assessment, a $13 Crime Penalty Assessment, a $20 Probation Assessment and a $20 Time Payment Fee.

## DISCUSSION

**¶5**        This Court reviews Stewart's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Stewart's counsel advised this Court that after a diligent search of the entire record, counsel has found no arguable questions of law. This Court has read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 299, and finds none. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record reveals counsel represented Stewart at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. This Court affirms Stewart's conviction and sentence.

## CONCLUSION

**¶6**        For the foregoing reasons, this Court affirms. Upon the filing of this decision, Stewart's counsel shall inform Stewart of the status of his appeal and his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). From the date of this decision, if he desires, Stewart shall have fifteen days to proceed with a *pro per* motion for reconsideration or thirty days to proceed with a *pro per* petition for review. Ariz. R. Crim. P. 31.20(c), 31.21(b)(2)(A).



AMY M. WOOD • Clerk of the Court
FILED:
JR